THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JACOB W. CROMWELL, PLAINTIFF IN ERROR.

Argued October 5, 1927—Decided February 14, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff in error, *James A. Hamill.*

For the defendant in error, *John Milton.*

PER CURIAM.

The defendant was convicted of bigamy in the Hudson County Court of Quarter Sessions. The specific charge was that, having a wife living, one Lillian Caldwell Cromwell, he, on the 20th of June, 1923, married Maria Sisti in the city of Bayonne. From that conviction the present writ of error is taken, and the grounds upon which reversal of the judgment is asked are that the state failed to establish a valid marriage in New York to Lillian Caldwell, and that in any event the verdict was contrary to the weight of the evidence.

Our examination of the case leads us to the conclusion that neither ground for reversal is well founded. The proofs offered by the state were that on September 4th, 1904, Cromwell and Lillian Caldwell went through a ceremonial marriage before a commissioner of deeds or notary public at Coney Island in the State of New York; that thereafter they lived together as man and wife in various places in that state until May, 1922, a son being born to them in 1909. The defendant treated her as his wife, introduced her as such and gave her name as his wife and beneficiary in his insurance policies. When registered for the draft in the late war he named her as his wife.

The contention of the defendant is that these facts did not make Lillian Caldwell his wife in the State of New York, inasmuch as that by statute in that state from January 1st, 1902, to January 1st, 1908, no marriage in New York was

valid unless ceremonial, *i. e.,* a marriage performed by a civil or ecclesiastic official duly authorized to solemnize marriages (of whom a notary public or a commissioner of deeds was not one); or what is claimed to be contractual, *i. e.,* by written contract of marriage, signed by both parties, acknowledged and duly recorded. This being true as claimed it is further contended that when in 1907 common law marriages were restored by repeal of the above-mentioned statute, continuation of the relationship which existed during the years named did not constitute a valid marriage, and to establish this a member of the New York bar was called as an expert and so testified.

In the case of *Chamberlain* v. *Chamberlain,* 68 *N. J. Eq.* 736, it was held that "where a man and woman intend to marry and live together as husband and wife, but their intention is frustrated by the existence of some unknown impediment, when the impediment is removed and it is shown that the same intent continues, their relations are lawful." This being the law in this state it will be presumed that a similar relation existing in the State of New York would effect a like result. *Bodine* v. *Berg,* 82 *N. J. L.* 662. An examination of the decisions of the courts of that state, which we are permitted to judicially notice (see Evidence act, *Comp. Stat., p.* 2229, § 26), but confirms that presumption. *Zigler* v. *Cassidy's Sons,* 220 *N. Y.* 98; *Wilson* v. *Burnett,* 105 *N. Y. Mis. R.* 279. Against this the testimony of the member of the New York bar could not avail to establish the law of that state to the contrary.

Tested by the law as we find it the jury was justified in finding that the defendant had a wife living at the time of his marriage in Hoboken. While there existed at the time of the first marriage the impediment of the statute, the proofs showed that the parties went through a ceremonial marriage at the hands of an official whom they believed qualified to perform it; that they lived together both before and after the repeal of the statute believing themselves husband and wife and acting the part both toward each other and to the outside world. The original relation was not meretricious

in that it involved moral turpitude, and therefore when the impediment was removed a continuance of the marital relation as exhibited by the evidence constituted the parties husband and wife.

The judgment is affirmed.